**The STATE of Ohio, Appellee,**

v.

**McCOLLOCH, Appellant.**

[Cite as *State v. McColloch* (1991), 78 Ohio App.3d 42.]

Court of Appeals of Ohio,
Logan County.

No. 8–89–30.

Decided Dec. 20, 1991.

*Gerald L. Heaton,* Prosecuting Attorney, for appellee.

*Marc S. Triplett,* for appellant.

SHAW, Judge.

This is an appeal from the judgment of the Court of Common Pleas of Logan County resentencing defendant-appellant, Michael J. McColloch, upon his conviction of two counts of rape in violation of R.C. 2907.02.

On January 16, 1986, defendant was sentenced to two concurrent terms of ten to twenty-five years based upon the possible indeterminate sentences of five, six, seven, eight, nine or ten to twenty-five years set forth in R.C. 2907.02 as then in force. Defendant commenced service of his sentence shortly thereafter. However, pursuant to R.C. 2929.61(D), defendant should have been sentenced under the provisions of R.C. 2907.02 in effect at the time the crimes were committed in 1982, which allowed for indeterminate sentences of four, five, six or seven to twenty-five years.

In an entry dated December 6, 1988, the trial court found defendant had not been sentenced in accordance with the statute in effect in 1982 and on September 28, 1989 held a resentencing hearing. On October 13, 1989, after the defendant had served some three and one-half years of his original sentence, the trial court resentenced the defendant under the statute as it existed in 1982. This time as opposed to the original ten-to-twenty-five-year concurrent sentence, the trial court sentenced defendant to two five-to-twenty-five-year consecutive sentences.

In a single assignment of error, defendant claims the imposition of the consecutive sentences following his commencement of the original concurrent sentence constitutes an unconstitutional increase in the maximum end of the sentence from twenty-five years to fifty years in violation of the Double Jeopardy Clauses of the United States and Ohio Constitutions.

In *State v. Beasley* (1984), 14 Ohio St.3d 74, 14 OBR 511, 471 N.E.2d 774, the Supreme Court of Ohio addressed an issue similar to the one before us:

"The question before this court is whether the trial court's erroneous imposition of a sentence less severe than the statutory minimum, and later correction of that sentence, violated the defendant's constitutional guarantee against double jeopardy. This guarantee serves an individual's interest in the finality of his sentence and protects against multiple punishments, as well as multiple prosecutions, for the same offense. *Benton v. Maryland* (1969), 395 U.S. 784 [89 S.Ct. 2056, 23 L.Ed.2d 707]. For the following reasons, however, we hold that jeopardy has not attached in this case, and that society's interest in enforcing the law, and in meting out the punishment the legislature has deemed just, must be served.

"* * *

"This court in *Colegrove v. Burns* (1964), 175 Ohio St. 437, 438 [25 O.O.2d 447, 448, 195 N.E.2d 811, 812], described the role of a trial judge in sentencing a convicted criminal:

" ' * * * Crimes are statutory, as are the penalties therefore, and the only sentence which a trial judge may impose is that provided for by statute * * *. A court has no power to substitute a different sentence for that provided for by law.'

"Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void. The applicable sentencing statute in this case, R.C. 2929.11, mandates a two to fifteen year prison term and an optional fine for felonious assault. The trial court disregarded the statute and imposed only a fine. In doing so the trial court exceeded its authority and this sentence must be considered void. Jeopardy did not attach to the void sentence, and, therefore, the court's imposition of the correct sentence did not constitute double jeopardy." *State v. Beasley, supra,* 14 Ohio St.3d at 75, 14 OBR at 512, 471 N.E.2d at 775.

In the case before us, the trial court, in essence, originally sentenced the defendant under the wrong statute. Having no statutory basis, we must conclude that the original sentence was void under the language of *Beasley, supra.*

■ The specific question remaining, then, is whether the fact that the defendant in this case has commenced execution of his prison term pursuant to the original void sentence alters the holding of *Beasley* that jeopardy does not attach to a void sentence. Stated another way, does the fact that the defendant has served a portion of a void sentence preclude the trial court from subsequently imposing any greater sentence available under the proper sentencing statute. We believe the answer to each of these questions must be in the negative.

In *State v. Addison* (1987), 40 Ohio App.3d 7, 530 N.E.2d 1335, the Tenth District Court of Appeals held that once a *valid* sentence has been executed (*i.e.,* commenced) a trial court may no longer amend or modify that sentence. However, this conclusion was reached not on double jeopardy principles but because there is no statutory authority in Ohio for the trial court to do so.

In *United States v. DiFrancesco* (1980), 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328, the United States Supreme Court expressly declined to embrace any *per se* bar to a subsequent increase in a valid sentence already commenced based upon any constitutional principles of double jeopardy, although the court acknowledged "established practice" in the federal courts against such increases. *Id.* at 134, 101 S.Ct. at 436, 66 L.Ed.2d at 344. Moreover, the

court in *DiFrancesco* was critical of any effort to establish such a constitutional bar based upon *Ex parte Lange* (1874), 85 U.S. (18 Wall.) 163, 21 L.Ed. 872, characterizing the language often quoted from *Lange* as authority for prohibiting such an increase in sentence as gratuitous dicta and " * * * not susceptible of general application." *Id.,* 449 U.S. at 138–139, 101 S.Ct. at 438, 66 L.Ed.2d at 346–347.[1]

In addition to developing at some length the proposition that " * * * a sentence does not have the qualities of constitutional finality that attend an acquittal" and that, accordingly, "[t]he double jeopardy considerations that bar reprosecution after an acquittal do not prohibit review of a sentence," the *DiFrancesco* opinion further concludes that "[t]he double jeopardy clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." *Id.* at 133, 101 S.Ct. at 437, 66 L.Ed.2d at 343. For a similar reading of the *DiFrancesco* language by the Ohio Supreme Court and the United States Court of Appeals, District of Columbia Circuit, see *State v. McMullen* (1983), 6 Ohio St.3d 244, 246, 6 OBR 312, 314, 452 N.E.2d 1292, 1294, and *United States v. Fogel* (C.A.D.C.1987), 829 F.2d 77, 85.

In view of the foregoing general principles, we believe the following analysis from *DiFrancesco* to be particularly significant to the case before us:

" * * * Although it might be argued that the defendant perceives the length of his sentence as finally determined when he begins to serve it, and that the trial judge should be prohibited from thereafter increasing the sentence, that argument has no force where, as in the dangerous special offender statute, Congress has specifically provided that the sentence is subject to appeal. *Under such circumstances there can be no expectation of finality in the*

---

1. We have ourselves previously cited with approval the proposition that a valid sentence cannot be increased in severity after a defendant has served a portion of that sentence without violating the Double Jeopardy Clauses of the Ohio and United States Constitutions, based ultimately upon the authority of *Ex parte Lange, supra.* See *State v. Campbell* (Jan. 16, 1991), Auglaize App. No. 2–89–12, unreported, at 5–6, 1991 WL 3603, quoting *State v. Seiler* (Dec. 30, 1988), Lucas App. No. L–88–029, unreported, 1988 WL 139618.

    The *Seiler* decision purports to rely upon *Ex parte Lange, supra,* as well as *Ralston v. Robinson* (1981), 454 U.S. 201, 102 S.Ct. 233, 70 L.Ed.2d 345, and *United States v. Benz* (1931), 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354. However, closer examination of those opinions does not reveal any clear endorsement of the blanket constitutional bar relied upon in *Seiler.* Nor do these opinions address the issue before us in this case pertaining to commencement of an *invalid* sentence. On the other hand, the Ohio Supreme Court has indicated that *full satisfaction* of even a void sentence would certainly invoke the bar of double jeopardy, a proposition with which we have no quarrel. See *Beatty v. Altston* (1975), 43 Ohio St.2d 126, 128, 72 O.O.2d 70, 71, 330 N.E.2d 921, 923, citing *Ex parte Lange* (1874), 85 U.S. (18 Wall.) 163, 21 L.Ed. 872.

*original sentence."* (Citations omitted and emphasis added.) *Id.,* 449 U.S. at 139, 101 S.Ct. at 438, 66 L.Ed.2d at 347.

In terms of the present case, it seems to us that an invalid sentence for which there is no statutory authority is, likewise, a circumstance under which there can be no expectation of finality.

We note that at least one federal circuit has taken an identical approach to the issue raised in this appeal based upon what is described as the three governing principles of the *DiFrancesco* decision:

"First, it is clear * * * that there no longer exists a *per se* rule that prohibits a court from increasing a defendant's sentence after service has begun. * * *

"The second principle which we derive from the [*DiFrancesco*] opinion is that the application of the double jeopardy clause to an increase in a sentence turns on the extent and legitimacy of a defendant's expectation of finality in that sentence. If a defendant has a legitimate expectation of finality, then an increase in that sentence is prohibited by the double jeopardy clause. *If, however, there is some circumstance which undermines the legitimacy of that expectation, then a court may permissibly increase the sentence.* [Emphasis added.]

" * * *

"Third, the Court in *DiFrancesco* left undisturbed the principle announced in *Bozza* that a court may permissibly increase a sentence if necessary to comply with a statute * * *." *United States v. Fogel, supra,* 829 F.2d at 86–87.

Additionally, we fail to see that a resentencing to correct a void sentence is in any sense a second or multiple punishment for the same offense. The defendant was not twice put in jeopardy for the same offense. Rather, "['t]he sentence, as corrected, imposes a valid punishment for an offense instead of an invalid punishment for that offense.[']" *United States v. Fogel, supra,* at 84, quoting *Bozza v. United States* (1947), 330 U.S. 160, 166, 67 S.Ct. 645, 649, 91 L.Ed. 818, 822. Nor, in our view, where the only increase is in the maximum end of the sentence, does the fact that the defendant may not know at any specific moment in time what the exact limit of his punishment will turn out to be, supersede, on double jeopardy grounds, the trial court's prerogative to correct an erroneous sentence to conform to what was apparently the intent of the original sentence as to the minimum time to be served.

Finally, we note a number of decisions from other jurisdictions have reached the same conclusion upon similar facts based upon similar interpretations of *DiFrancesco.* See, for example, *State v. Dennis F.* (1986), 104 N.M. 619, 622,

725 P.2d 595, 598 (invalid sentence may be corrected by the imposition of a proper sentence, even though defendant has begun to serve the original sentence and even if the proper sentence is more onerous); *State v. Pascal* (1987), 108 Wash.2d 125, 132, 736 P.2d 1065, 1070 (invalid sentence may be increased, even after defendant has commenced serving sentence, without violating Double Jeopardy Clause); and *Dolby v. State* (1990), 106 Nev. 63, 65, 787 P.2d 388, 389 (once defendant begins to serve lawful sentence, sentence to increased term violates constitutional proscription against double jeopardy; if initial sentence is unlawful, however, there is no double jeopardy problem in vacating or modifying whole sentence).

For the foregoing reasons, we are not convinced that the action of the trial judge in resentencing the defendant in this case from unlawful ten-to-twenty-five-year concurrent sentences to lawful five-to-twenty-five-year consecutive sentences was violative of any statute or the Double Jeopardy Clauses of the United States or Ohio Constitutions.[2]  Accordingly, the assignment of error is overruled and the judgment and sentence of the trial court is affirmed.

*Judgment affirmed.*

EVANS, J., concurs.

BRYANT, P.J., dissents.

THOMAS F. BRYANT, Presiding Judge, dissenting.

I respectfully dissent from the result reached by the majority.  Appellant was initially sentenced pursuant to a plea bargain to concurrent terms of imprisonment totalling twenty-five years.  In their considerations, both appellant and the trial court mistakenly applied the incorrect statute applicable to sentencing for the offenses to which appellant entered his guilty plea.  Doubling the maximum term to fifty years by imposing consecutive terms after appellant has served three and one-half years of his expected concurrent terms is highly unfair, in my opinion, and if it does not involve considerations

---

2. In response to an implication raised in the dissenting opinion, we find no indication in this record that the matter of concurrent sentencing was any part of the original plea negotiations.  On the contrary, the original judgment entry of sentencing reflects that the defendant was advised of the maximum possible sentence prior to the plea, which, under the apparent misapprehension of all concerned was actually greater (*i.e.*, ten-to-twenty-five years consecutive) than the maximum possible sentence of seven-to-twenty-five years consecutive for which the defendant was eligible under the correct statute at the resentencing.

Presumably, for this reason (as well as the fact that a third charge of rape was dismissed by the state as part of the original plea negotiations), neither the defendant nor his counsel has ever chosen to raise any issue with regard to the plea itself; notwithstanding the trial court's own inquiry into the matter at the resentencing hearing.  Accordingly, we believe the viability of the original guilty plea is not at issue in this case.

of double jeopardy, it is surely lacking in substantive due process of law. Punishment, even if invalidly inflicted, is still punishment, the end to which is the goal expected by both society and the convict. Where reasonable, fair alternatives may be applied to carry out appellant's original agreement with the state without frustrating the original punitive purpose of the state; basic fairness requires that such be done. The purpose apparently to be accomplished by the original sentence and the resentencing is to require appellant to serve a minimum term of five years for each offense, not a potential total of fifty. Such might be substantially accomplished by the other indeterminate considerations available. I would reverse the resentencing by the trial court and remand for appropriate resentencing not to exceed the maximum of twenty-five years originally expected.