OPINION
On March 19, 1996, defendant-appellant, John K. Fields, was indicted on two felony counts of receiving stolen property and one count of felony escape in violation of R.C.2913.51(A) and 2921.34(A). Each count of the indictment also contained a prior offense of violence specification which alleged that appellant had been convicted of attempted burglary in December 1991. Appellant entered not guilty pleas to all of the charges and the case was set for trial.
A plea bargain was subsequently arranged under which the state agreed to reduce both counts of receiving stolen property to first degree misdemeanors in exchange for guilty pleas by appellant to all three offenses and the prior offense of violence specification accompanying the escape charge.[1] The trial court held a plea hearing on May 29, 1996 at which it addressed appellant personally in accordance with the procedures specified by Crim.R. 11. The trial court specifically informed appellant that each receiving stolen property charge was punishable by a six-month term of imprisonment and that the escape charge with the accompanying specification was punishable by an indefinite term of imprisonment of up to three to five years.
On July 25, 1996, the trial court held a sentencing hearing. The trial court sentenced appellant to two concurrent six-month terms of imprisonment on the receiving stolen property charges. The trial court also sentenced appellant to a definite one and onehalf year term of imprisonment on the escape charge, even though R.C. 2929.11(B)(7) requires the imposition of an indefinite term of imprisonment of at least one and one-half to five years where the defendant has been convicted of escape as a fourth degree felony with a prior offense of violence specification.
The trial court subsequently discovered the error in appellant's sentence before its sentencing entry was journalized and before appellant was conveyed to the Ohio Department of Rehabilitation and Correction to begin serving his sentence. The trial court held a second sentencing hearing on August 1, 1996. The trial court again addressed appellant personally and explained the error in the sentence it had previously imposed. Appellant moved for a continuance at that point to "seek more legal advice on the matter and to look into the Ohio Revised Codes [sic]." The trial court denied appellant's motion for a continuance and then resentenced appellant to an indefinite one and one-half to five year term of imprisonment for escape in accordance with R.C. 2929.11(B)(7). Appellant now appeals setting forth the following assignments of error:
Assignment of Error No. 1:
 The trial court committed prejudicial error in resentencing Appellant to a substantially longer prison term after he had been remanded to the custody of the sheriff and had begun serving his sentence as originally imposed.
Assignment of Error No. 2:
 The trial court committed prejudicial error in denying Appellant's request for a continuance on the date of the resentencing.
In his first assignment of error, appellant contends that the trial court erred in correcting his sentence. Crim.R. 36 expressly provides that "errors in the record arising from oversight or omission, may be corrected by the court at any time." A trial court has broad authority under Crim.R. 36 to correct a legally improper sentence at any time, even if it thereby imposes a greater penalty. State v. Bruce (1994),95 Ohio App.3d 169, 172-73; State v. Bell (Jan. 31, 1994), Butler App. No. CA93-07-143, unreported.
Our review of the record indicates that the definite one and one-half year term of imprisonment imposed by the trial court at the July 25, 1996 sentencing hearing was legally improper, and that appellant should instead have been sentenced to an indefinite term of imprisonment of at least one and one-half to five years pursuant to R.C. 2929.11(B)(7). The error by the trial court in imposing the original one and one-half year definite term was clearly the result of an inadvertent oversight and as such was properly corrected under Crim.R. 36. Accordingly, we find no error by the trial court in correcting appellant's sentence to comply with the requirements of R.C. 2929.11(B)(7).
Appellant also contends that the trial court violated the constitutional protection against double jeopardy by correcting the sentencing error in this case. The Ohio Supreme Court considered this precise issue in State v. Beasley (1984), 14 Ohio St.3d 74.
The defendant in Beasley was convicted of two counts of felonious assault. Id. The trial court fined the defendant $500 on each count, but did not impose any sentence of imprisonment even though the version of R.C. 2929.11 in effect at that time expressly required that any person convicted of felonious assault be imprisoned for an indefinite term of two to fifteen years. Id. The trial court subsequently corrected the defendant's sentence by imposing the two to fifteen year indefinite terms required by R.C. 2929.11. Id.
On appeal, the Supreme Court held that the constitutional protection against double jeopardy is not violated where a trial court imposes a sentence which is not authorized by statute and then corrects its own error by resentencing the defendant to a legally proper penalty. Id. at 76. The court reasoned that:
 Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void. The applicable sentencing statute in this case, R.C. 2929.11, mandates a two to fifteen year prison term and an optional fine for felonious assault. The trial court disregarded the statute and imposed only a fine. In doing so the trial court exceeded its authority and this sentence must be considered void. Jeopardy did not attach to the void sentence, and, therefore, the court's imposition of the correct sentence did not constitute double jeopardy.
Id. at 75. See, also, Bozza v. United States (1947),330 U.S. 160, 166-67; 67 S.Ct. 645, 649; State v. McColloch (1991),78 Ohio App.3d 42, 46.
Applying the rule set forth in Beasley, we hold that the trial court did not violate the constitutional protection against double jeopardy by correcting appellant's sentence. The trial court lacked any statutory authority to impose the one and one-half year definite term of imprisonment which was originally meted out in this case. That sentence was consequently void ab initio such that jeopardy did not attach at that time. Therefore, the trial court s subsequent imposition of the legally correct sentence required by 2929.11(B)(7) did not violate the constitutional protection against double jeopardy. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant contends that the trial court erred in overruling his motion for a continuance. The decision to grant or deny a motion for a continuance is a matter within the sound discretion of the trial court. State v. Grant (1993), 67 Ohio St.3d 465, 479; State v. Sowders (1983), 4 Ohio St.3d 143,144. An appellate court must not disturb a trial court's decision to deny a motion for a continuance absent an abuse of discretion. State v. Unger (1981), 67 Ohio St.2d 65, 67. The reviewing court must weigh the potential prejudice to the defendant against the trial court's "right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." State v. Powell (1990), 49 Ohio St.3d 255,259.
As we have already noted, the indefinite one and one-half to five year term of imprisonment imposed by the trial court at the August 1, 1996 sentencing hearing was legally proper in all respects. There is simply no way that the trial court abused its discretion by refusing to further delay the correction of the sentencing error in this case by granting appellant's motion for a continuance of the proceedings. Appellant's second assignment of error is overruled. The judgment of the trial court is hereby affirmed.
KOEHLER and WALSH, JJ., concur.
[1] The state also nolled the prior offense of violence specifications accompanying both of the receiving stolen property charges.