DECISION
Appellant, Michael Bush, appeals from a judgment of the Franklin County Court of Common Pleas resentencing him for a prior conviction for rape, for which an improper sentence had previously been imposed by the court.
Appellant was indicted on January 16, 1998, on two counts of rape of children under the age of thirteen. Count One alleged that appellant had engaged in vaginal intercourse with a nine-year-old victim on or about September 1, 1995 through September 30, 1995. Count Two alleged that appellant had engaged in vaginal intercourse with a twelve-year-old victim on or about May 1, 1997 through May 31, 1997. Appellant pled guilty on June 24, 1998 to rape without force, a violation of R.C. 2907.02, a felony of the first degree, as a stipulated lesser included offense of Count One. Appellant also pled guilty to one count of gross sexual imposition, a violation of R.C. 2907.05, a felony of the fourth degree, as a stipulated lesser included offense of Count Two.
The initial sentencing hearing was held on August 7, 1998, and the court imposed consecutive prison terms of nine years on Count One and eighteen months on Count Two. Both sentences were imposed under the sentencing statutes as amended by Am.Sub. S.B.2, effective July 1, 1996. Appellant duly began to serve his sentence.
Officials at the Correctional Reception Center subsequently informed the court that a sentencing error had occurred, because the allegations in Count One of the indictment concerned conduct prior to the effective date of Am.Sub.S.B. No. 2. Pursuant toState v. Rush (1998), 83 Ohio St.3d 53, the amended sentencing provisions of Am.Sub. S.B. No. 2 apply only to crimes committed after the effective date of the legislation.
Resentencing took place in open court on December 2, 1998. Appellant was present and represented by counsel. The court resentenced appellant, pursuant to pre-Am.Sub.S.B. No. 2 law, to an indefinite prison term of nine to twenty-five years on Count One, again to run consecutively to the previously imposed sentence on Count Two. Because the prior sentence on Count Two concerned conduct occurring after the effective date of Am.Sub.S.B. No. 2, resentencing was not required on that count. The resentencing entry contains the following language:
 The re-sentencing on Count One was necessary because the Defendant was originally sentenced as if the offense was committed after July 1, 1996 when in fact the incident took place prior to July 1, 1996. The Court again advised the Defendant of his rights pursuant to Crim.R. 11, and accepted his plea of guilty to the stipulated lesser included offense to Count One, Rape, without Force, in violation of R.C. 2907.02, a felony of the first degree.
The court further stated:
 The Court hereby advises the Parole Board that the Court recommends that the Defendant serve no more time on Count One as a result of this re-sentencing as he would have served had the original nine year flat sentence not been changed.
Appellant has timely appealed and brings the following assignment of error:
 A TRIAL COURT ERRED, AS A MATTER OF LAW, AND VIOLATED DEFENDANT'S DUE PROCESS AND DOUBLE JEOPARDY RIGHTS WHEN IT SENTENCED DEFENDANT FOR A SECOND TIME WITHOUT FIRST VACATING THE ORIGINAL SENTENCE AFTER DEFENDANT HAD BEGAN TO SERVE THE SENTENCE.
Ohio courts have rejected the double jeopardy arguments raised by appellant. "Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void. * * * Jeopardy did not attach to the void sentence, and, therefore, the court's imposition of the correct sentence did not constitute double jeopardy." State v.Beasley (1984), 14 Ohio St.3d 74, 75. Following Beasley, this court has held that a sentence may be modified if invalid, although the defendant has already begun to serve the invalid sentence. State v. Jones (Mar. 18, 1999), Franklin App. No. 98AP-639, unreported (1999 Opinions 450, 454). In State v.Whitehead (Mar. 28, 1991), Franklin App. No. 90AP-260, unreported (1991 Opinions 1481), this court upheld a resentencing when the trial court changed an improperly imposed definite sentence to an appropriate indefinite sentence, despite the fact that the first sentence had already been journalized and the defendant had begun serving it.
Similar issues were extensively examined by the Ohio Third Appellate District in State v. McColloch (1991), 78 Ohio App.3d 42. The court in McColloch extensively reviewed federal authorities and noted that in United States v. DiFrancesco (1980),449 U.S. 117, 133, it was said that "a sentence does not have the qualities of constitutional finality that attend an acquittal * * * the double jeopardy considerations that bar re-prosecution after an acquittal do not prohibit review of a sentence." The court inMcColloch accordingly concluded that double jeopardy did not arise from an increase in the sentence pursuant to re-sentencing, citing United States v. Fogle, (C.A.D.C. 1987), 829 F.2d 77, 87: A court may permissibly increase a sentence if necessary to comply with a statute * * *.
We accordingly find that the great weight of authority fails to support appellant's double jeopardy arguments in connection with his resentencing.
Appellant further argues that the trial court erred because it did not explicitly vacate the initial sentence on Count One before resentencing him. Under Beasley, the initial sentence was a nullity, and it is thus doubtful whether vacation of the sentence was at all necessary. Moreover, if vacation of the sentence were to be required, the trial court's entry of the second judgment is clearly sufficient to put all parties on notice that the initial judgment is no longer operative. In fact, other than failure to explicitly employ the terms "void" or "vacate," the trial court's second judgment clearly is intended to render inoperative the first sentencing entry with respect to Count One. No discernible prejudice to appellant can be found from the procedure employed by the trial court in this case, although as a practical matter it might be advisable for courts in such circumstances to explicitly refer to the initial sentencing entry as void or vacated.
In accordance with the foregoing, appellant's assignment of error is without merit and is overruled, and the judgment of the Franklin County Court of Common Pleas resentencing appellant on Count One is affirmed.
Judgment affirmed.
PETREE and TYACK, JJ., concur.