In re FUTRELL.

[Cite as In re Futrell, 153 Ohio App.3d 20, 2003-Ohio-2685.]

Court of Appeals of Ohio,
Third District, Wyandot County.

No. 16–03–01.

Decided May 27, 2003.

Kathryn M. Collins, for appellant.

E. Michael Pfeifer, Wyandot County Prosecuting Attorney, for appellee.

SHAW, Presiding Judge.

{¶ 1} The appellant, Charles Futrell, appeals from the December 13, 2002 judgment of the Common Pleas Court, Juvenile Division, of Wyandot County, Ohio, ordering that he be committed to the Ohio Department of Youth Services ("DYS") for institutionalization for a minimum period of one year to a maximum period not to exceed his attainment of the age of twenty-one.

{¶ 2} On September 30, 2002, a complaint was filed in the Juvenile Court of Wyandot County, alleging that Futrell, age 13, was a delinquent. Specifically, the complaint alleged that Futrell committed an act that would constitute the criminal offense of rape in violation of R.C. 2907.02(A)(1)(b), a first degree felony, if committed by an adult. On October 21, 2002, Futrell admitted the charges alleged in the complaint and was adjudicated a delinquent based upon this admission. A dispositional hearing was held on December 9, 2002. During this hearing, Jessica Kaufman, a counselor from the Findlay Resource Center, testified, and Futrell's counsel, the prosecutor, and the victim's advocate were permitted to give statements to the court. Thereafter, the trial court ordered that Futrell be committed to DYS for a minimum period of six months to a maximum period not to exceed his attainment of the age of twenty-one.

{¶ 3} Sometime shortly after the dispositional hearing and after Futrell was in the custody of DYS, the state notified the court that it had erred in its disposition

because the applicable statute required that in the event that the court elected to commit the delinquent child to DYS, the minimum sentence was one year for this type of offense rather than six months. Based on this notification, the juvenile court vacated its December 9, 2002 judgment and held a second dispositional hearing on December 12, 2002. Futrell objected to the redisposition, and the court permitted both the state and Futrell to present arguments. Futrell then requested that he be permitted to recall Jessica Kaufman in order to clarify the testimony she provided on December 9, 2002. However, the court determined that the redisposition was proper, that there was no need to recall any witnesses, and then proceeded to order that Futrell be committed to DYS for a minimum of one year. This appeal followed, and Futrell now asserts two assignments of error:

"The trial court erred in ordering a re-disposition of appellant after prior disposition had been imposed.

"The trial court erred by not allowing appellant to call witnesses on his behalf at the re-disposition hearing."

{¶ 4} As these assignments of error are related, they will be discussed together. Our review of these assignments of error begins by noting that "[t]he function and duty of a court is to apply the law as written." *State v. Beasley* (1984), 14 Ohio St.3d 74, 75, 14 OBR 511, 471 N.E.2d 774. Further, "[c]rimes are statutory, as are the penalties therefor, and the only sentence which a trial judge may impose is that provided for by statute[.]" *Colegrove v. Burns* (1964), 175 Ohio St. 437, 438, 25 O.O.2d 447, 195 N.E.2d 811. As such, "[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." *Beasley,* supra. Although this case involves the disposition of a delinquent child rather than a criminal defendant, the underlying rationale is identical. Adjudications of delinquency and dispositions thereon are, likewise, statutory. Thus, the only disposition that a juvenile court judge may order is that provided for by statute.

{¶ 5} In *Beasley,* the defendant was fined for committing two counts of felonious assault, but the trial court neglected to sentence her to the required minimum two-year term of imprisonment. Id. at 74, 14 OBR 511, 471 N.E.2d 774. The court in *Beasley* found that the trial court's sentence was void because it did not comport with the appropriate sentencing statutes. Id. at 75, 14 OBR 511, 471 N.E.2d 774. The court further held that double jeopardy, which is prohibited by both the United States and Ohio Constitutions, "did not attach to [Beasley's] void sentence, and, therefore, the court's imposition of the correct sentence did not constitute double jeopardy." Id.

{¶ 6} This court has also determined that the holding in *Beasley* is not negated by the fact that the defendant has commenced execution of his prison term. *State v. McColloch* (1991), 78 Ohio App.3d 42, 44, 603 N.E.2d 1106. In *McCol-*

*loch,* the defendant had already begun to serve his term of imprisonment when the trial court vacated its previous sentence, which did not comport with statutory requirements, and issued a second sentence that was in compliance. Id. at 43, 603 N.E.2d 1106. We found "that an invalid sentence for which there is no statutory authority is * * * a circumstance under which there can be no expectation of finality[,]" which would trigger the protections of the Double Jeopardy Clause. Id. at 46, 603 N.E.2d 1106. Thus, we concluded that resentencing under these circumstances was not violative "of any statute or the Double Jeopardy Clauses of the United States or Ohio Constitutions." Id. at 47, 603 N.E.2d 1106.

{¶ 7} In the case sub judice, Futrell committed an act that would be a felony of the first degree if committed by an adult. See R.C. 2907.02(A)(1)(b). The Revised Code states:

"If a child is adjudicated a delinquent child for committing an act that would be a felony if committed by an adult, the juvenile court may commit the child to the legal custody of [DYS] for secure confinement as follows: * * * (d) If the child is adjudicated a delinquent child for committing an act * * * that would be a felony of the first or second degree if committed by an adult, for an indefinite term consisting of a minimum period of *one year*[.]" (Emphasis added.) R.C. 2152.16(A)(1)(d).

{¶ 8} Thus, once the trial court elected to commit Futrell to the custody of DYS, the Revised Code required that the court commit him for a minimum period of one year rather than six months as it first did. By exceeding its statutory authority and not imposing the requisite minimum, the trial court's disposition, like the sentence in *Beasley,* was void and jeopardy did not attach. Further, as previously noted in our discussion of *McColloch,* this determination is not negated by the fact that Futrell had been taken into the custody of DYS before the second disposition. Therefore, the trial court did not err in issuing the second disposition, imposing a minimum commitment of one year. In addition, although the first dispositional judgment was void, the evidentiary hearing, held merely three days prior, and the evidence ascertained therein were not void. At the first dispositional hearing, Futrell was permitted to present witnesses on his behalf, which he did. The trial court did not err, therefore, in refusing to permit Futrell to recall Jessica Kaufman, who was subject to both direct and cross-examination during the first dispositional hearing.

{¶ 9} For these reasons, both assignments of error are overruled, and the judgment of the Common Pleas Court, Juvenile Division, of Wyandot County, Ohio, is affirmed.

Judgment affirmed.

THOMAS F. BRYANT, P.J., and CUPP, J., concur.