The STATE of Ohio, Appellant,

v.

AYLWARD, Appellee.

[Cite as State v. Aylward, 159 Ohio App.3d 284, 2004-Ohio-6176.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

Nos. 2003–P–0097 and 2003–P–0098.

Decided Nov. 22, 2004.

Victor V. Vigluicci, Portage County Prosecuting Attorney, and Pamela J. Holder, Assistant Prosecuting Attorney, for appellant.

George G. Keith, for appellee.

WILLIAM M. O'NEILL, Judge.

{¶ 1} These are accelerated-calendar cases, submitted to this court on the record and the briefs of the parties. Appellant, the state of Ohio, appeals the judgment entered by the Portage County Court of Common Pleas.

{¶ 2} On August 22, 2001, appellee, Michael W. Aylward, was indicted on one count of possession of drugs (anabolic steroids) in violation of R.C. 2925.11(A)(C)(2)(a), a third-degree felony, and one count of possession of drugs (Valium and Xanax) in violation of 2925.11(A)(C)(2)(a), a fourth-degree felony. This indictment was assigned case No. 2001 CR 0295. After the initial indictment, Aylward was arrested with drugs and, as a result, was indicted a second time. The second indictment charged Aylward with one count of aggravated possession of drugs (anabolic steroids) in violation of R.C. 2925.11(A)(C)(2)(b), a fourth-degree felony. The second indictment was assigned case No. 2001 CR 0431.

{¶ 3} Aylward pled guilty to count one in case No. 2001 CR 0295 and to the single count in case No. 2001 CR 0431. As a result of the guilty plea, the remaining charges against Aylward were dismissed.

{¶ 4} The matter came for a sentencing hearing in July 2002. In a single judgment entry for both cases, the trial court sentenced Aylward to 30 days in jail, placed him on community control, and ordered him to successfully complete the Northeast Ohio Community Alternative Program ("NEOCAP"). The court also ordered that Aylward be placed in the Intensive Supervision Program following his completion of NEOCAP.

{¶ 5} The state appealed this sentence to this court. In May 2003, this court reversed the judgment of sentence.[1] The reversal was due to the trial court's failure to make findings, pursuant to R.C. 2929.13(D) and 2929.19(B)(2)(b), to overcome the presumption in favor of a prison term.[2] This matter was remanded to the trial court for resentencing.[3]

{¶ 6} On remand, the trial court did not conduct a new sentencing hearing. Instead, the trial court articulated its reasons for imposing its sentence, including the factors to overcome the presumption in favor of prison, in a new judgment entry. This entry indicates that the trial court chose to impose the identical sentence on Aylward. It states that Aylward was sentenced to a term in jail, a four-month commitment to NEOCAP, and a two-year period of intensive probation.

{¶ 7} The state has appealed this second judgment entry pursuant to R.C. 2958.08(B). After the state filed its notices of appeal, Aylward moved to dismiss the appeals on the grounds that he believed he had already served his sentence and that resentencing would violate his constitutional protection against double jeopardy. In January 2004, this court overruled Aylward's motion to dismiss the appeals. This court noted that while the general rule prohibits a trial court from retroactively increasing a defendant's sentence after it has been served, an exception to that rule exists where the original sentence was unlawful.[4]

{¶ 8} The state raises two assignments of error. Its first assignment of error is:

---

1. *State v. Aylward,* 11th Dist. Nos.2002–P–0081 and 2002–P–0082, 2003-Ohio-2544, 2003 WL 21142173.

2. Id. at ¶ 26.

3. Id. at ¶ 28.

4. *State v. McColloch* (1991), 78 Ohio App.3d 42, 44, 603 N.E.2d 1106.

{¶ 9} "The trial court erred in imposing a combination of community control sanctions for a fourth degree felony drug offense and third degree felony drug offense that includes a presumption in favor of prison without conducting a resentencing hearing on remand."

{¶ 10} The state asserts that the trial court was required to state at the sentencing hearing its reasons for its sentence in order to overcome the presumption in favor of a prison term. We agree.

{¶ 11} The trial court issued its second judgment entry in this matter on August 20, 2003. On August 27, 2003, the Supreme Court of Ohio issued its decision in *State v. Comer*.[5] In *State v. Comer*, the Supreme Court of Ohio held that a trial court must make its findings in support of the imposition of consecutive sentences, pursuant to R.C. 2929.19(B)(2)(c), on the record at the sentencing hearing.[6]

{¶ 12} Pursuant to R.C. 2953.08(G), a reviewing court will not disturb a defendant's sentence unless it finds, "by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law." [7]

{¶ 13} The trial court was sentencing Aylward for felony drug offenses, which carry a presumption in favor of prison. Therefore, if the trial court decides not to impose a prison term, it must comply with R.C. 2929.13(D), which states:

{¶ 14} "Except as provided in division (E) or (F) of this section, for a felony of the first or second degree and for a felony drug offense that is a violation of any provision of Chapter 2525., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison is specified as being applicable, it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code. Notwithstanding the presumption established under this division, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree or for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable if it makes both of the following findings:

---

5. *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473.

6. Id. at paragraph one of the syllabus.

7. *State v. Fitzpatrick* (Dec. 2, 2000), 11th Dist. No. 99–L–164, 2000 WL 1774139, at * 4.

{¶ 15} "(1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.

{¶ 16} "(2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense."

{¶ 17} In addition to making these findings, the trial court is required to give its specific reasons for making the findings pursuant to R.C. 2929.19(B)(2), which states:

{¶ 18} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:

{¶ 19} "(a) Unless the offense is a sexually violent offense for which the court is required to impose sentence pursuant to division (G) of section 2929.14 of the Revised Code, if it imposes a prison term for a felony of the fourth or fifth degree or for a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in divisions (B)(1)(a) to (i) of section 2929.13 of the Revised Code that it found to apply relative to the offender.

{¶ 20} "(b) If it does not impose a prison term for a felony of the first or second degree or for a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and for which a presumption in favor of a prison term is specified as being applicable, its reasons for not imposing the prison term and for overriding the presumption, based upon the overriding purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, and the basis of the finding it made under divisions (D)(1) and (2) of section 2929.13 of the Revised Code.

{¶ 21} "(c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing consecutive sentences;

{¶ 22} "(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term;

{¶ 23} "(e) If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term."

{¶ 24} The Supreme Court of Ohio has held that the language in R.C. 2929.19(B)(2)—"The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed"—requires the trial court to make the requisite findings at the sentencing hearing.[8] We see no reason that this holding should be applied only to subpart (c), relating to consecutive sentences. The Seventh Appellate District has applied the *State v. Comer* requirement to the imposition of a maximum sentence under R.C. 2929.19(B)(2)(d).[9] Likewise, although with minimal analysis, the Supreme Court of Ohio has remanded a maximum sentence for resentencing pursuant to *State v. Comer*.[10] Since the language at issue is contained in R.C. 2929.19(B)(2), the *State v. Comer* holding should be applied to all the subparts of R.C. 2929.19(B)(2), including R.C. 2929.19(B)(2)(b).

{¶ 25} Moreover, a review of the rationale of *State v. Comer* is helpful. The court noted the following:

{¶ 26} "All interested parties are present at the hearing. Thus, an in-court explanation gives counsel the opportunity to correct obvious errors. Moreover, an in-court explanation encourages judges to decide how the statutory factors apply to the facts of the case. If these important findings and reasons were not given until the journal entry there is the danger that they might be viewed as after-the-fact justifications." [11]

{¶ 27} The trial court was required to make its findings on the record at the sentencing hearing. That was not done. This matter is remanded to the trial court for resentencing. If the trial court decides to impose a sentence that does not include a prison term, the trial court must state its reasons for doing so on

8.  *State v. Comer*, supra note 5 at ¶ 20.

9.  *State v. Perry*, 7th Dist. No. 02CA 182, 2003-Ohio-7000, 2003 WL 22997270, at ¶ 10–13.

10.  *State v. Newman*, 100 Ohio St.3d 24, 795 N.E.2d 663, 2003–Ohio–4754, at ¶ 1.

11.  *State v. Comer*, supra note 5 at ¶ 22.

the record pursuant to R.C. 2929.13(D) and 2929.19(B)(2)(b) and the Supreme Court's holding in *State v. Comer*.

{¶ 28} We recognize the lengthy history of this case, including its previous remand. Thus, it is with reluctance that we again remand this matter to the trial court. However, based on the statutory language and its subsequent interpretation by the Supreme Court of Ohio, we have no choice but to do so.

{¶ 29} In addition, since the trial court failed to comply with the statutory sentencing mandates, Aylward's sentence was unlawful. Therefore, resentencing will not violate Aylward's double jeopardy protections, as the original sentence is void.[12] In *State v. McColloch*, the Third Appellate District cited the United States Supreme Court for the proposition that a sentence does not have the degree of constitutional finality associated with acquittal and, thus, double jeopardy considerations do not preclude the review of a sentence.[13] Further, the court observed that a defendant does not have an expectation of finality of the sentence where the legislature has provided the state a means to appeal the sentence.[14] Although there are no double jeopardy concerns with resentencing, the time Aylward served on his initial sentence will be credited pursuant to R.C. 2967.191.

{¶ 30} Finally, in his appellate brief, Aylward suggests that he would be willing to waive an additional sentencing hearing. We are aware of no provision in the sentencing statutes that permits the parties to essentially ratify an unlawful sentence. Moreover, while many of the provisions of R.C. 2929.19(B)(2) protect the defendant, R.C. 2929.19(B)(2)(b) favors the state.

{¶ 31} The state's first assignment of error has merit.

{¶ 32} The state's second assignment of error is:

{¶ 33} "The [trial court] erred in imposing a combination of community control sanctions for a fourth degree felony drug offense and third degree felony drug offense that includes a presumption in favor of prison."

{¶ 34} We found merit in the state's first assignment of error. Accordingly, this matter is being remanded for the trial court to conduct another sentencing hearing. Thus, the state's second assignment of error is moot.

---

12. See *State v. McColloch*, supra note 4, and *State v. Thomas* (1992), 80 Ohio App.3d 452, 458, 609 N.E.2d 601.

13. *State v. McColloch*, 78 Ohio App.3d at 45, 603 N.E.2d 1106, quoting *United States v. DiFrancesco* (1980), 449 U.S. 117, 133, 101 S.Ct. 426, 66 L.Ed.2d 328.

14. Id. at 45–46, 603 N.E.2d 1106, quoting *DiFrancesco*, 449 U.S. at 139, 101 S.Ct. 426, 66 L.Ed.2d 328.

{¶ 35} The judgment of the trial court is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

JUDITH A. CHRISTLEY, J., concurs with concurring opinion.

DIANE V. GRENDELL, J., concurs in judgment only.

JUDITH A. CHRISTLEY, Judge, concurring.

{¶ 36} Although I concur with the court's judgment, I write separately to address the issue of double jeopardy as it relates to the instant matter.

{¶ 37} The lead opinion cites *State v. McColloch* (1991), 78 Ohio App.3d 42, 603 N.E.2d 1106, in support of its conclusion that "there are no double jeopardy concerns with resentencing." I respectfully disagree with this general proposition, as it fails to recognize the possible double jeopardy violation when resentencing a defendant who has *completed* his or her original sentence, regardless of the original sentence's invalidity.

{¶ 38} In *McColloch,* the Third Appellate District held that the trial court's resentencing of the defendant did not violate his constitutional guarantee against double jeopardy, as the defendant's original sentence was statutorily invalid and, therefore, void. Id., 78 Ohio App.3d at 47, 603 N.E.2d 1106. However, the court's holding in *McColloch* was limited to a defendant who has commenced an invalid sentence and only served a *portion* of the sentence. Specifically, the court framed the sole issue as, "does the fact that the defendant *has served a portion* of a void sentence preclude the trial court from subsequently imposing any greater sentence available under the proper sentencing statute[?]" (Emphasis added.) Id. at 44, 603 N.E.2d 1106. At no time does the *McColloch* court reach the conclusion that an original invalid sentence, which had been completed in its entirety, is not subject to a possible double jeopardy violation.

{¶ 39} To the contrary, the *McColloch* court expressly stated, " 'The defendant's constitutional guarantee against double jeopardy * * * *serves an individual's interest in the finality of his sentence and protects against multiple punishments,* as well as multiple prosecutions, for the same offense.' " (Emphasis added.) Id. at 43, 603 N.E.2d 1106, quoting *State v. Beasley* (1984), 14 Ohio St.3d 74, 75, 14 OBR 511, 471 N.E.2d 774. Accordingly, once a defendant has completed his or her sentence in its entirety, resentencing the defendant would violate double jeopardy. To hold otherwise would deprive a convicted defendant of his or her legitimate interest in the finality of his or her completed sentence.

{¶ 40} That being said, Aylward has failed to present any evidence demonstrating that his sentence has been completed in every aspect. Moreover, a possible

double jeopardy claim would not be ripe on the current appeal, as the trial court has yet to issue a new sentence that increased appellant's punishment or issue a new sentence that failed to credit appellant for time served. Therefore, any double jeopardy claim, at this point in time, would be premature.

{¶ 41} In conclusion, I agree with the court's ultimate decision to reverse the trial court's sentence and remand this matter for a new sentencing hearing to correct any deficiencies. However, I am compelled to note that the lead opinion's statements with respect to double jeopardy are overly broad and fail to acknowledge the potential violation of double jeopardy when resentencing a defendant who has completed a sentence. To this end, I concur in judgment and lead opinion.