OPINION
{ ¶ 1} Defendant-appellant, Robert O. Ramey, appeals from a judgment of the Franklin County Court of Common Pleas that resentenced him on one count of engaging in a pattern of corrupt activity and seven counts of receiving stolen property. Because defendant was properly resentenced, we affirm.
{ ¶ 2} On March 6, 2001, defendant pled guilty to one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32, a second-degree felony, and seven counts of receiving stolen property in violation of R.C. 2913.51, all fourth-degree felonies. At the sentencing hearing, the trial court imposed a five-year prison term on defendant for engaging in a pattern of corrupt activity and one year prison terms on each of the receiving stolen property counts. The trial court ordered the sentences for receiving stolen property to be served concurrently with each other and to the sentence for engaging in a pattern of corrupt activity. The court then notified defendant that "a period of post release control will be imposed following your release from prison." (March 6, 2001 Tr. 10.) In its March 8, 2001 judgment entry, the trial court confirmed the terms of defendant's incarceration, but did not impose post-release control.
{ ¶ 3} On February 14, 2006, three days before defendant was scheduled to be released from prison, plaintiff-appellee, state of Ohio, in response to the Ohio Supreme Court's decision in Hernandez v.Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, filed a motion requesting that the trial court resentence defendant to add the three-year period of post-release control required by R.C. 2929.14(F), 2929.19(B), and2967.28(B)(2). On February 16, 2006, the trial court held a resentencing hearing at which the court notified defendant of the statutorily mandated three-year period of post-release control following his release from prison, as well as potential penalties for violating post-release control sanctions. The trial court journalized its judgment the same day. Other than the post-release control sanction, the re-imposed sentences included in the judgment entry were the same as those imposed in 2001.
{ ¶ 4} Defendant timely appealed the trial court's judgment, assigning the following four errors:
 ASSIGNMENT OF ERROR I: THE TRIAL COURT DID NOT HAVE THE AUTHORITY TO RE-SENTENCE THE APPELLANT ABSENT SPECIFIC STATUTORY AUTHORITY[.]
 ASSIGNMENT OF ERROR II: THE TRIAL COURT DID NOT HAVE THE AUTHORITY TO RE-SENTENCE THE APPELLANT BECAUSE THE ORIGINAL SENTENCE IMPOSED WAS NOT AN ATTEMPT TO DISREGARD STATUTORY REQUIREMENTS NOR WAS IT A MERE CLERICAL ERROR[.]
 ASSIGNMENT OF ERROR III: THE APPELLANT'S DOUBLE JEOPARDY RIGHTS WERE VIOLATED WHEN THE TRIAL COURT RE-SENTENCED THE APPELLANT AFTER HIS ORIGINAL SENTENCE WAS ALREADY EXECUTED[.]
 ASSIGNMENT OF ERROR IV: THE APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO SUBSTANTIVE DUE PROCESS WHEN THE TRIAL COURT MODIFIED AND INCREASED HIS SENTENCE A MERE ONE DAY BEFORE HIS SCHEDULED RELEASE[.]
 I. First and Second Assignments of Error
 { ¶ 5} As defendant's first and second assignments of error are interrelated, we will address them jointly. Together they challenge the trial court's authority to resentence defendant and include the mandatory three-year period of post-release control.
{ ¶ 6} R.C. 2929.14(F) and 2967.28(B)(2), as effective May 17, 2000 and March 23, 2000, respectively, require a trial court to impose a mandatory three-year period of post-release control when an offender is sentenced to a prison term for a second-degree felony that is not a felony sex offense. In addition, R.C. 2929.19(B)(3)(c), as effective May 17, 2000, requires the trial court to notify the offender at the sentencing hearing that he will be supervised under R.C. 2967.28 after he or she leaves prison after being sentenced for a second-degree felony. Pursuant to these statutory requirements, the Ohio Supreme Court held that "[w]hen sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence."State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, paragraph one of the syllabus. Because a trial court has such a statutory duty, "any sentence imposed without such notification is contrary to law." Id. at ¶ 23. Where a sentence is contrary to law or void because it does not contain a statutorily mandated term, the proper remedy is resentencing. Id., citing State v. Beasley (1984), 14 Ohio St.3d 74. Thus, a trial court will resentence a defendant "as if no prior attempt to sentence had been made." State v. Washington (July 17, 2001), Franklin App. No. 00AP-1077,quoting State v. Thomas (1992), 80 Ohio App.3d 452, 458.
{ ¶ 7} Here, the trial court originally sentenced defendant to a prison term of five years for committing a second-degree felony. It therefore was required to notify defendant at the sentencing hearing that he was subject to post-release control following his release from prison, and it further was required to incorporate that notice into its journal entry imposing sentence. Because the trial court failed to impose post-release control in its sentencing entry, pursuant toJordan the sentence was void and subject to correction via resentencing.
{ ¶ 8} Defendant attempts to circumvent Jordan by arguing that his original sentence was not "void" as that term is used inBeasley. In Beasley, despite the statutory provision requiring a minimum prison term of two years for felonious assault, the trial court sentenced Beasley to a fine of $500. The Supreme Court determined the sentence was void, stating that "[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." Beasley, at 75. Noting that the applicable sentencing statute required a two to 15-year prison term and an optional fine for felonious assault, the appellate court observed that "the trial court disregarded the statute and imposed only a fine. In doing so the trial court exceeded its authority and this sentence must be considered void." Id.
{ ¶ 9} Defendant contends the original sentence the trial court imposed on him was not void because the court did not "intentionally" attempt to disregard statutory sentencing requirements when it failed to impose the three-year period of post-release control. Rather, defendant asserts, the sentencing colloquy demonstrates that the trial court intended to follow the sentencing statutes. Nothing in Beasley, however, suggests its holding is limited to "intentional" attempts to disregard statutory requirements. Moreover, such a limitation would be impracticable, as it would necessitate an inquiry into the intent of a trial court whenever the court failed to follow statutory mandates.
{ ¶ 10} Defendant also attempts to circumvent Jordan by limiting the discussion of void sentences in Beasley to the failure to impose a mandatory prison term. Again, nothing in Beasley suggests such a limitation. To the contrary, Beasley broadly refers to the "sentence" as violating statutory requirements and suggests any failure to follow statutory sentencing requirements renders the sentence void. Because post-release control is an element of a judicially-imposed sentence,State v. Rutherford, Champaign App. No. 06CA13, 2006-Ohio-5132, at ¶ 7, citing Woods v. Telb (2000), 89 Ohio St.3d 504, a sentence lacking a statutorily mandated post-release control term is void, just as a sentence lacking a statutorily mandated prison term is void. Indeed, inJordan, the court stated that "the court's duty to include a notice to the offender about post-release control at the sentencing hearing is the same as any other statutorily mandated term of a sentence."Jordan, at ¶ 26. Jordan thus indicates that the failure to properly impose post-release control as part of a prison term is aBeasley-type sentencing error that is subject to correction by resentencing. Id. at ¶ 23-26.
{ ¶ 11} Defendant also contends that to correct defendant's sentence, the state properly should have filed an appeal pursuant to R.C. 2945.67
and 2953.08 within 30 days of the original sentence. Defendant suggests that because the state did not raise the sentencing error through an appeal, the error either has been waived or is barred by res judicata. The state urges that a trial court retains the authority to correct void sentencing orders when the defendant has not served out the term of his sentence. See Hernandez, supra, at ¶ 28-29.
{ ¶ 12} "The function and duty of a court is to apply the law as written." Beasley, at 75. As noted in Colegrove v. Burns (1964), 175 Ohio St. 437, "[c]rimes are statutory, as are the penalties therefor, and the only sentence which a trial court may impose is that provided for by statute * * *. A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law." Id. at 438. The state's failure to appeal an illegal sentence does affect the trial court's duty to impose sentence according to law. See State v. Thomas (1996),111 Ohio App.3d 510, 512, appeal not allowed, 77 Ohio St.3d 1469. When a trial court enters a void judgment, it retains jurisdiction to correct the void entry. State v. Hinkle, Allen App. No. 1-02-41, 2002-Ohio-5585, appeal not allowed (2003), 98 Ohio St.3d 1461. Moreover, where no statutory authority exists to support a judgment, res judicata does not act to bar a trial court from correcting the error. Id., citingState v. Wilson (Apr. 18, 2002), Cuyahoga App. No. 79485. Accordingly, defendant's contentions, under the facts of this case, are not persuasive.
{ ¶ 13} Defendant further contests the state's using a motion to challenge the void sentence. A trial court's authority to correct a void sentence does not hinge upon how the court became aware of its illegality. See, e.g., State v. Bush (Nov. 30, 1999), Franklin App. No. 99AP-4 (involving officials at the Correctional Reception Center who informed the court a sentencing error had occurred); In re Futrell,153 Ohio App.3d 20, 2003-Ohio-2685 (observing that the state "notified" the court the delinquency disposition violated the statute); State v.Dickens (1987), 41 Ohio App.3d 354 (involving the state filing "a motion" to advise the trial court of sentencing error). Defendant's contention thus is unpersuasive.
{ ¶ 14} We are mindful of the well-established rule that once a valid sentence has been executed, a trial court has no authority to modify the sentence except as the General Assembly provides. State v. Addison
(1987), 40 Ohio App.3d 7; State v. Garretson (2000),140 Ohio App.3d 554, 558, appeal allowed, 90 Ohio St.3d 1451; appeal dismissed as improvidently allowed (2001), 91 Ohio St.3d 1267; Brook Parkv.Necak (1986), 30 Ohio App.3d 118, 120. The rule is inapplicable here, where the trial court failed to impose post-release control in the sentencing entry. When a court fails to perform its statutory duty of advising of post-release control and including it as part of its sentence, the original sentence is void because post-release control was not properly imposed. Jordan; Beasley. Moreover, in such cases, the sentencing court on remand is not modifying the sentence, but is correcting a statutorily incorrect sentence. See State v. Johnson, Cuyahoga App. No. 80459, 2002-Ohio-4581, at ¶ 26, appeal allowed (2003),98 Ohio St.3d 1460; cause dismissed, 98 Ohio St.3d 1544.
{ ¶ 15} Because the trial court retained the authority to hold a resentencing hearing and resentence defendant for the purpose of informing him that he would be subject to a mandatory three-year period of post-release control following his release from prison, defendant's first and second assignments of error are overruled.
II. Third Assignment of Error
 { ¶ 16} Defendant contends in his third assignment of error that the resentencing subjected him to double jeopardy in violation of theFifth Amendment to the United States Constitution and Section 10, Article I, Ohio Constitution. In Beasley, the court expressly held that the trial court, in correcting a statutorily incorrect sentence, does not violate a defendant's constitutional guarantee against double jeopardy. Id. at 76. In accordance with Beasley, this court held that an invalid sentence may be corrected although the defendant began to serve the invalid sentence. Bush, citing State v. Jones (Mar. 18, 1999), Franklin App. No. 98AP-639. Further, following a review of federal authorities addressing double jeopardy implications in resentencing, the court in State v.McColloch (1991), 78 Ohio App.3d 42, the court concluded that a defendant's commencing to serve his sentence does not negate the holding in Beasley. McColloch, at 44. The court held that "an invalid sentence for which there is no statutory authority is * * * a circumstance under which there can be no expectation of finality" to trigger the protections of the Double Jeopardy Clause. Id. at 46.
{ ¶ 17} Here, the trial court was statutorily required to impose a period of post-release control. The original sentencing entry did not include the imposition of post-release control and therefore was void. Because jeopardy did not attach to the void sentence, the trial court did not violate defendant's constitutional guarantee against double jeopardy in later correcting the sentence. Defendant's third assignment of error is overruled.
III. Fourth Assignment of Error
 { ¶ 18} In his fourth assignment of error, defendant contends he was denied his constitutional right to substantive due process when the trial court resentenced him one day prior to his scheduled release from prison. Defendant alleges that the circumstances of his resentencing were "so egregious, so outrageous, that [they] may be fairly said to shock the contemporary conscience." (Defendant's brief at 18, quotingCounty of Sacramento v. Lewis [1998], 523 U.S. 833.)
{ ¶ 19} Defendant fails to direct this court to any case law establishing that a trial court's correction of an illegal sentence must be accomplished within a specified time period before an offender's release from incarceration. Indeed, as noted, Hernandez provides that a trial court retains authority to correct void sentencing orders as long as the defendant has not served out his sentence. Id. at ¶ 28-29. See, also, Rutherford, at ¶ 11 (stating that defendant "had not completed his prison term, and could be resentenced to a post-release control sanction"). Here, because defendant had not completed his prison term at the time he was resentenced to a post-release control sanction, his fourth assignment of error is overruled.
{ ¶ 20} Having overruled defendant's four assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.