OPINION
{¶ 1} Appellant Bradley Edwin Merideth appeals his felony re-sentencing in the Perry County Court of Common Pleas, following his 2000 conviction for attempted murder and possession of a weapon while under a disability. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On May 23, 2000, appellant pled guilty to attempted murder, R.C.2923.02(A), a felony of the first degree, and possession of a weapon while under a disability, 2923.13(A)(2), a felony of the fifth degree. At the time of entering these pleas, appellant executed a guilty plea form, which included advisory language that post-release control of five years was mandatory.
 {¶ 3} On June 22, 2000, appellant was sentenced by the trial court to seven years on count one and eleven months on count two, with the sentences to be served concurrently. The sentencing entry did not include any advisory language pertaining to post-release control.[1]
 {¶ 4} Appellant thereafter began serving his prison sentence. On April 6, 2006, in light of the Ohio Supreme Court's decision in Hernandez v.Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, which was decided on January 12, 2006, the trial court brought appellant back for re-sentencing.[2]
Following the re-sentencing hearing, appellant was ordered to serve the period of post-release control imposed (five years), and any prison term imposed for a violation of that post-release control.
 {¶ 5} Appellant filed a notice of appeal on May 2, 2006. He herein raises the following two Assignments of Error:
 {¶ 6} "I. TRIAL COURT ERRED, TO THE PREJUDICE OF THE DEFENDANT, IN VACATING THE SENTENCE OF JUNE 22, 2000 AND RE-SENTENCING DEFENDANT UPWARD FROM HIS ORIGINAL SENTENCE OF (SIC) APRIL 6, 2006, CONSTITUTING DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE U.S. CONSTITUTION.
 {¶ 7} "II. TRIAL COURT ERRED, TO THE PREJUDICE OF THE DEFENDANT, IN RE-CALLING MERIDETH FOR RE-SENTENCING BASED ON THE CONSTITUTIONAL SEPERATION (SIC) OF POWERS AS MERIDETH HAD PASSED FROM THE AUTHORITY OF THE JUDICIAL BRANCH ONTO THE CUSTODY AND AUTHORITY OF THE EXECUTIVE BRANCH, IN VIOLATION OF THE SECOND AND THIRD ARTICLES OF THE U.S. CONSTITUTION.
 I. {¶ 8} In his First Assignment of Error, appellant contends the trial court erred and violated his Fifth Amendment right to be free from double jeopardy by re-sentencing him. We disagree.
 {¶ 9} R.C. 2929.14(F) and 2967.28 both mandate that a sentencing court impose on a felony offender a term of post-release control. SeeState v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 20. An attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void.State v. Dickens (1987), 41 Ohio App.3d 354, 355, citing State v.Beasley (1984), 14 Ohio St.3d 74, 75. In this vein, the Ohio Supreme Court has recognized: "[W]here a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant." State ex rel. Cruzado v. Zaleski,111 Ohio St.3d 353, 357, 2006-Ohio-5795, ¶ 20, citing Jordan, supra, at ¶ 28.
 {¶ 10} The Tenth District Court of Appeals recently addressed the issue before us in State v. Ramey, Franklin App. No. 06AP-245,2006-Ohio-6429. In that case, a felony offender was resentenced in 2006 after being sentenced in 2001 for one count of engaging in a pattern of corrupt activity and seven counts of receiving stolen property. TheRamey court first quoted State v. McColloch (1991), 78 Ohio App.3d 42,46, to conclude that an invalid sentence for which there is no statutory authority is a circumstance under which there can be no expectation of finality to trigger the protections of the Double Jeopardy Clause. Id. at ¶ 16. The Ramey court went on to hold: "Here, the trial court was statutorily required to impose a period of post-release control. The original sentencing entry did not include the imposition of post-release control and therefore was void. Because jeopardy did not attach to the void sentence, the trial court did not violate defendant's constitutional guarantee against double jeopardy in later correcting the sentence." Id. at ¶ 17.
 {¶ 11} We find the reasoning of Ramey persuasive, and therefore find no merit in appellant's double jeopardy claim under the facts and circumstances of this case.[3]
 {¶ 12} Appellant's First Assignment of Error is overruled.
 II. {¶ 13} In his Second Assignment of Error, appellant argues his recall by the trial court for resentencing violated the federal constitutional doctrine of separation of powers. We disagree.
 {¶ 14} "The separation-of-powers doctrine implicitly arises from our tripartite democratic form of government and recognizes that the executive, legislative, and judicial branches of our government have their own unique powers and duties that are separate and apart from the others." State v. Thompson, 92 Ohio St.3d 584, 586, 752 N.E.2d 276,2001-Ohio-1288, citing Zanesville v. Zanesville Tel. TelegraphCo. (1900), 63 Ohio St. 442, 59 N.E. 109, paragraph one of the syllabus.
 {¶ 15} Appellant herein proposes, without supporting authority, that once his sentence was executed in 2000, he came under the authority of the executive branch, and that there is no provision for the trial court to reassert jurisdiction over his sentence. Generally speaking, cases involving mandatory post-release control do not implicate the separation of powers doctrine, because the executive branch has no discretion over whether an offender is subject to such statutorily-mandated sanctions. See State v. Johnson, Cuyahoga App. No. 80459, 2002-Ohio-4581, ¶ 19. "Consequently, a court's failure to inform the offender of post-release control sanctions in these cases requires a different disposition: such cases must be remanded for resentencing for the limited purpose of notifying the offender of the mandatory post-release control and including this sanction in its sentencing order." Id., emphasis added.
 {¶ 16} Clearly, the determination of guilt in a criminal matter and the sentencing of a defendant convicted of a crime are solely the province of the judiciary. State ex rel. Bray v. Russell (2000),89 Ohio St.3d 132, 136, 729 N.E.2d 359, citing State ex rel. Atty. Gen. v.Peters (1885), 43 Ohio St. 629, 648, 4 N.E. 81. Because the task of resentencing an offender on account of a void sentence falls on the judicial branch via the trial court (Cruzado, supra), we hold appellant's recall for resentencing in this matter did not violate the doctrine of separation of powers.
 {¶ 17} Appellant's Second Assignment of Error is therefore overruled.
 {¶ 18} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Perry County, Ohio, is hereby affirmed.
By: Wise, P. J., Gwin, J., and Farmer, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Perry County, Ohio, is affirmed.
Costs to appellant.
[1] The original sentencing hearing of June 22, 2000 was apparently not transcribed; thus, it is unclear if appellant was orally advised of post-release control at that time.
[2] In Hernandez, an action for a writ of habeas corpus, the Ohio Supreme Court held that the Adult Parole Authority lacked authority to impose postrelease control on an offender who had not been advised by the trial court of statutorily required postrelease control. Id. at ¶ 27.
[3] Appellant, after he had filed his pro se merit brief, requested appointment of appellate counsel, which was granted. Counsel's reply brief adds a due process argument under the Fourteenth Amendment to the United States Constitution. However, as this issue was not raised in the merit brief, we decline to address it.