JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendant-appellant Donald Crosswhite appeals the decision of the lower court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm in part, reverse in part, and remand to the lower court.
 I {¶ 2} This case involves charges stemming from a previous theft ring. The Cuyahoga County Grand Jury indicted Crosswhite in two separate cases. In the first case, on September 12, 2004, the Grand Jury indicted Crosswhite on one count of engaging in a pattern of corrupt activity, 16 counts of tampering with governmental records, ten counts of unauthorized access to a computer, three counts of possession of criminal tools, two counts of securing records by deception, two counts of theft, two counts of identity theft, and 59 counts of forgery. In the second case, on November 18, 2004, the Grand Jury indicted Crosswhite on one count of identity theft, four counts of forgery, four counts of uttering, and one count of theft.
 {¶ 3} At his arraignment, Crosswhite pled not guilty. After several pretrials were held, the matter proceeded to trial, with Crosswhite waiving his right to a jury. On March 3, 2005, after three days of trial, and after the state had examined its fifth witness, Crosswhite pled no contest to the indictments. On March 25, 2005, the trial court sentenced Crosswhite to a prison term of eight years in Case No. CR-454733 and 18 months in Case No. CR-458947, apparently with concurrent service. *Page 3 
 {¶ 4} Both cases were remanded for clarification, at which time the court also nolled Count 89 (forgery) in Case No. CR-454733. The cases were appealed to this court. This court reversed and remanded, and rendered the guilty plea invalid due to the trial court's failure to provide postrelease control notification before accepting appellant's no contest pleas. State v. Crosswhite, Cuyahoga App. Nos. 86345 and 86346,2006-Ohio-1081.
 {¶ 5} After remand, appellant again proceeded to trial on Case No. CR-454733. Appellant alleges that the parties, including appellant's own attorney, erroneously proceeded as if he was once again facing trial on all 95 counts. However, appellee argues that appellant was, indeed, actually facing all 95 counts again, because the guilty plea had been rendered invalid. Appellant further argues that the unauthorized use counts, which had been found by the court to be first degree misdemeanors, were now being improperly treated by all parties as fifth degree felonies.
 {¶ 6} During the second trial of Case No. CR-454733, appellant once again entered no contest pleas. Appellant stated that he was under the impression that the charges pending in Case No. CR-458947 should never have been brought against him because they were allegedly nolled as part of the plea agreement in Case No. CR-438480.
 {¶ 7} Appellant asserts that no one explained to him that the pretrial nolle in Case No. CR-438480 had been without prejudice. In addition, appellant alleges that *Page 4 
everyone failed to notice that he would enter pleas not only to those previously nolled charges, but also to those nolled after jeopardy attached in the first trial in Case No. CR-454733. However, appellee argues that the guilty plea in the first trial was ruled invalid, and, therefore, the nolled counts in the first trial were no longer nolled, and appellant could be charged again for the same counts.
 {¶ 8} Appellant also argues that he was promised a four-year sentence in exchange for his plea. He then entered no contest pleas to all 95 counts of the indictment. Appellant asserts that the previously nolled counts should not have been brought in the second trial. The trial court then sentenced him to consecutive terms of four years in Case No. CR-454733 and one year in Case No. CR-458947. Appellant argues that this sentence was illegal because the court imposed only concurrent service in the original sentencing hearing. However, the original sentencing hearing was ruled invalid. Appellant now appeals.
 II {¶ 9} Appellant's first assignment of error provides the following: "Appellant was subjected to double jeopardy in violation of the Fifth and Fourteenth Amendment when he was advised to and permitted to enter no contest pleas to eight felony charges previously dismissed by the state after jeopardy had attached."
 {¶ 10} Appellant's second assignment of error provides the following: "Appellant was subjected to double jeopardy in violation of the Fifth and Fourteenth Amendments when the trial court accepted pleas to ten fifth-degree felony charges *Page 5 
of unauthorized use that had been adjudicated misdemeanors at the time earlier, mid-trial plea hearing."
 {¶ 11} Appellant's third assignment of error provides the following: "Appellant was entitled by Criminal Rule 11 and the fifth, sixth and fourteenth amendments to receive the four-year sentence agreed upon by the court during pre-plea negotiations."
 {¶ 12} Appellant's fourth assignment of error provides the following: "Appellant was denied his right under the sixth and fourteenth amendments to the effective assistance of counsel when defense counsel failed to protect his rights before trial during the plea and sentencing hearings."
 {¶ 13} Appellant's fifth assignment of error provides the following: "Appellant's sentence is invalid and an abuse of discretion because the court imposed consecutive service after remand but there was no legitimate justification for the change."
 III {¶ 14} Appellant argues in his first assignment of error that he was subjected to double jeopardy when he was advised to enter no contest pleas to eight felony charges previously dismissed by the state after jeopardy had attached. The Double Jeopardy Clause provides that no person shall be placed in jeopardy twice for the same offense. The double jeopardy protections afforded by the federal and state *Page 6 
constitutions guard citizens against cumulative punishments for the "same offense." State v. Jackson, Cuyahoga App. No. 86506,2006-Ohio-3165.
 {¶ 15} The well-established rule that once a valid sentence has been executed a trial court has no authority to modify the sentence except as the General Assembly provides is inapplicable where the trial court failed to impose postrelease control in the sentencing entry. When a court fails to perform its statutory duty of advising of postrelease control and including it as part of its sentence, the original sentence is void because postrelease control was not properly imposed. Moreover, in such cases, the sentencing court on remand is not modifying the sentence, but is correcting a statutorily incorrect sentence. State v.Ramey, Franklin App. No. 06AP-245, 2006-Ohio-6429.
 {¶ 16} A trial court, in correcting a statutorily incorrect sentence,does not violate a defendant's constitutional guarantee against doublejeopardy. An invalid sentence may be corrected although the defendant began to serve the invalid sentence. State v. Ramey, Franklin App. No. 06AP-245, 2006-Ohio-6429.
 {¶ 17} Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void.State v. Beasley (1984), 14 Ohio St.3d 74.
 {¶ 18} Appellant argues that he was subject to double jeopardy in violation of the Fifth and Fourteenth Amendments. In Beasley, the court expressly held that the trial court, in correcting a statutorily incorrect sentence, does not violate a *Page 7 
defendant's constitutional guarantee against double jeopardy. Id. at 76.Beasley held that an invalid sentence may be corrected although the defendant began to serve the invalid sentence. State v. Bush (Nov. 30, 1999), Franklin App. No. 99AP-4, citing State v. Jones (Mar. 18, 1999), Franklin App. No. 98AP-639.
 {¶ 19} Further, following a review of federal authorities addressing double jeopardy implications in resentencing, the court in State v.McColloch (1991), 78 Ohio App.3d 42, 603 N.E.2d 1106, concluded that a defendant's commencing to serve his sentence does not negate the holding in Beasley. McColloch at 44. The court held that "an invalid sentence for which there is no statutory authority is * * * a circumstance under which there can be no expectation of finality" to trigger the protections of the Double Jeopardy Clause. Id. at 46.
 {¶ 20} The trial court in this case was statutorily required to impose a mandatory period of postrelease control. Here, appellant was previously sentenced at the trial court and then appealed to this court.State v. Crosswhite (Mar. 9, 2006), Cuyahoga App. Nos. 86345 and 86346 (State v. Crosswhite I). In the results of that appeal, this court found that the trial court had failed to adequately inform appellant that he would be subject to a mandatory five-year period of post-release control. The trial court's failure to adequately notify appellant of his postrelease control rendered his sentence void. *Page 8 
 {¶ 21} Because jeopardy did not attach to the void sentence, the trial court did not violate defendant's constitutional guarantee against double jeopardy in later correcting the sentence.
 {¶ 22} Accordingly, appellant's first assignment of error is without merit.
 {¶ 23} Appellant argues in his second assignment of error that he was subjected to double jeopardy in violation of the Fifth and Fourteenth Amendments when the trial court accepted pleas to ten fifth degree felony charges of unauthorized use that had been adjudicated misdemeanors at the earlier, mid-trial plea hearing.
 {¶ 24} Appellant's second assignment of error has merit. Double jeopardy barred appellant's retrial on fifth degree felonies for counts 8, 11, 32, 87, 90, 96, 99,111, 114, and 118 because the court had found appellant guilty in the first trial of committing only first degree misdemeanors on those same counts.
 {¶ 25} In Bullington v. Missouri (1981), 451 U.S. 430, 437, the United States Supreme Court stated, "[i]t is well established that the Double Jeopardy Clause forbids the retrial of a defendant who has been acquitted of the crime charged." (Citations omitted.) This principle applies "whether that acquittal is express or implied by a conviction on a lesser included offense when the jury was given a full opportunity to return a verdict on the greater charge." Price v. Georgia (1970),398 U.S. 323, 329. In United States v. DiFrancesco (1980), 449 U.S. 117,146, the Supreme Court stated: *Page 9 
 {¶ 26} "A verdict of acquittal represents the factfinder's conclusion that the evidence does not warrant a finding of guilty. United States v.Martin Linen Supply Co. (1977), 430 U.S. 564, 572. A guilty verdict of second degree murder where the charge to the jury permitted it to find the defendant guilty of first degree murder represents the factfinder's implicit finding that the facts do not warrant a first degree murder conviction. Thus, a retrial on first degree murder is constitutionally impermissible."
 {¶ 27} Appellant pleaded no contest to counts 8, 11, 32, 87, 90, 96, 99, 111, 114, and 118 of the indictment. According to Crim. R. 11(B)(2), a no contest plea is "not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment * * *." In other words, a no contest plea is not a self-executing judgment of conviction. The court must make a finding of guilt, and is required to do so if the indictment, information, or complaint contains sufficient allegations to state a felony offense. State ex rel. Stern v.Mascio (1966), 75 Ohio St.3d 422, 425.
 {¶ 28} Although the subject counts were originally charged in the indictment as fifth degree felonies, the court's judgment of conviction shows that it considered the "proffered evidence" and found appellant guilty of first degree misdemeanors. The court's decision to find appellant guilty of the lesser first degree misdemeanor offenses was tantamount to a finding that there was insufficient evidence to support the higher fifth degree felony. This was an evidentiary resolution of the higher fifth *Page 10 
degree felony offenses to which jeopardy attached, regardless of whether the plea itself was later rendered infirm. As the United States Supreme Court stated in Linen, supra, the courts need to "determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." Linen, 430 U.S. at 571, 572. Accordingly, the state was barred from retrying appellant on the fifth degree felony counts.
 {¶ 29} Accordingly, appellant's second assignment of error is sustained.
 {¶ 30} Appellant argues in this third assignment of error that he was entitled to receive the four-year sentence agreed upon by the court during pre-plea negotiations.
 {¶ 31} Crim. R. 11(C) requires a trial court to determine that a defendant understands "the maximum penalty involved." However, a rote recitation of the postrelease-control notification is not required. When articulating the nonconstitutional notifications of Crim. R. 11(C)(2)(a), such as the maximum penalty involved, the trial court need only "substantially comply" with the rule. The "substantial compliance" standard applies to nonconstitutional rights. State v. McCollins, Cuyahoga App. No. 87182, 2006-Ohio-4886.
 {¶ 32} Appellant argues that the court violated his rights to due process and a fair sentencing hearing. However, in the case at bar, the trial court never agreed to impose the sentence appellant alleges. The trial court stated the following: "Your lawyer did talk to me about that. I did indicate to him that I would consider that. But *Page 11 
other than that, has anyone made any threats, or any promise in order to induce you, or make you enter this plea?"[1] The record demonstrates that the lower court judge only stated that he would consider the issue, not agree. Moreover, the record demonstrates that appellant heard and understood everything that was said.
 "THE COURT: All right. Mr. Crosswhite, I still have to ask you some questions. So please answer my questions out loud. Have you heard everything that your lawyer, the court, and the state of Ohio has had to say so far?
 THE DEFENDANT: Yes, I have, your Honor.
 THE COURT: Do you understand what we are all talking about?
 THE DEFENDANT: Yes, I do."[2]
 {¶ 33} The record further demonstrates that the court considered the dialogue that the defense attorney mentioned to merely be conversation between the attorneys and not some binding promise on the court's
part. "THE COURT: All right. The four years was something that was talked about between you and the state of Ohio, but before trial, correct?
 MR. BUTLER: That's correct.
 THE COURT: Okay. *Page 12 
 MR. GUTIERREZ: Well, judge, it was actually five years judge that I was talking about. That's the offer that was on the plea.
 THE COURT: There was various conversations back and forth. I was not part of the conversations. All right. Mr. Crosswhite, do you have anything further to say in your own behalf other than what's contained in your original presentence report, or what was contained in any of the transcripts?
 THE DEFENDANT: No, your Honor."[3] (Emphasis added.)
 {¶ 34} Appellant argues that he was certain that he was getting a sentence of four years total if he entered into a plea when he did. Appellant cites page 222 of the transcript to support this claim. However, a review of the transcript shows appellant's attorney merely stated it was his understanding that the court was only going toconsider the four years in Case No. CR-454733.
 "MR. BUTLER: Judge, I guess his hesitancy is that I have informed him that the court would consider a four-year sentence as it relates to this matter.
 THE COURT: Under 454733?
 MR. BUTLER: Right."[4] (Emphasis added.)
 {¶ 35} In addition, we find appellant's arguments that Santobello v.New York (1971), 404 U.S. 257, 262, applies to be misplaced.Santobello involves a promise *Page 13 
or an agreement by a prosecutor, while the case at bar involves the court. Moreover, a review of the record demonstrates that there was no promise or agreement in this case. The court merely said that it would consider the sentence. It was unreasonable for appellant to rely on this statement. We find appellant's argument to be without merit.
 {¶ 36} Appellant's third assignment of error is overruled.
 {¶ 37} Appellant argues in his fourth assignment of error that his counsel was ineffective. The Ohio Supreme Court held in State v.Jackson (1980), 64 Ohio St.2d 107, 413 N.E.2d 819 at syllabus, in a petition for postconviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness. See State v. Calhoun (1999),86 Ohio St.3d 279, 283, 714 N.E.2d 905, 910.
 {¶ 38} In Calhoun, the Ohio Supreme Court followed the test set forth by the United States Supreme Court for evaluating the allegation of ineffective assistance of counsel.
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose *Page 14 result is reliable. Strickland v. Washington
(1984), 466 U.S. 668, 687. In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is `whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done.' State v. Hester (1976), 45 Ohio St.2d 71, 74 Ohio Op. 2d 156, 341 N.E.2d 304, paragraph four of the syllabus. When making that determination, a two-step process is usually employed. `First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.' State v. Lytle
(1976), 48 Ohio St.2d 391, 396-397, 2 Ohio Op.3d 495, 498, 358 N.E.2d 623, 627, vacated on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154." Id. at 289.
 {¶ 39} Ineffective-assistance claims are evaluated in a two-step process. First, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland v.Washington (1984), 466 U.S. 668, 688. Second, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698;State v. Keenan, 81 Ohio St.3d 152, 1998-Ohio-459.
 {¶ 40} It is the defendant's burden to prove the ineffectiveness of his counsel, as in Ohio properly licensed attorneys are presumed to be competent. State v. Jackson, supra, at 111; see State v. Calhoun, supra, at 289.
 {¶ 41} In applying the two-step process, we find that appellant has failed to establish that the assistance of his retained counsel fell below an objective standard *Page 15 
of reasonableness, and there is a reasonable probability that, but for his retained counsel's unprofessional errors, the result of the proceeding would have been different. Appellant argues in his brief that the trial court made promises of a reduced sentence of four years. However, a thorough review of the transcript and evidentiary materials demonstrates that the court only viewed the dialogue as discussions between the state and the defendant and not as any promises, as appellant alleges.
 {¶ 42} Accordingly, appellant's fourth assignment is overruled.
 {¶ 43} Appellant argues in his fifth assignment of error that his sentence was an invalid abuse of discretion. "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing." State v.Xie (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715. We review presentence motions to withdraw guilty pleas for an abuse of discretion. Id.
 {¶ 44} Ordinarily, the trial judge has discretion whether to impose consecutive or concurrent sentences. State v. McCool (1988),46 Ohio App.3d 1, 3; State v. Johnson (1978), 57 Ohio App.2d 263, 269.
 {¶ 45} Although it is not required in this case, the evidence demonstrates that the trial court provided substantial rationale as to why it imposed consecutive service. The trial court stated that the two cases are separate and distinct events. *Page 16 
 "THE COURT: * * * Because these are separate and distinct events, in Case Number 458947, it is to be served consecutive to Case Number 454733." Credit for time served. Mr. Butler."
 {¶ 46} The lower court had the discretion to decide whether to impose consecutive or concurrent sentences in this case, especially when the previous sentence was void in the first place. Moreover, the trial court in this case provided additional rationale in the record as to why it chose to sentence appellant with consecutive service.
 {¶ 47} Accordingly, we find no abuse of discretion on the part of the trial court.
 {¶ 48} Appellant's fifth assignment of error is overruled.
 {¶ 49} Judgment is affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellee and appellant share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed in part, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 17 
MELODY J. STEWART, J., CONCURS IN JUDGMENT ONLY; ANN DYKE, J., CONCURS
[1] Tr. 223-24.
[2] Tr. 222.
[3] Tr. 244.
[4] Tr. 223. *Page 1